317-0281 to the people of the state of Illinois, eponymous by Eric Gnidovich v. Donald Quickle, appellant by Santiago Durango. Good morning, Your Honors. Mr. Gnidovich. My name is Santiago Durango. I represent the defendant appellant in this case, Mr. Donald Quickle. Your Honors, this case presents two important questions, as I see it. The first being whether the Supreme Court's decision in Smith v. Bailey apply retroactively, and second, whether Mr. Quickle stated a claim of actual innocence as a matter of law in his motion to file a second successive post-conviction petition. In Smith v. Bailey, the Supreme Court found that when a defendant is charged with intentional knowing and felony murder, it is error to deny him his request for separate verdict forms. If his request is denied, the remedy is to interpret the jury's general verdict as a verdict for felony murder and then to vacate the predicate felony for the felony murder. In Bailey, the court further explained that when a Smith violation occurs, that is to be interpreted as an acquittal of the intentional and knowing murder charges. What happened in this case mirrors the situation addressed by the Supreme Court in Smith v. Bailey. The question then becomes whether that was a new rule for retroactivity purposes. I believe it's clear that it is a new rule because it changed the law that existed prior to Smith v. Bailey, which held that when the general verdict was returned by the jury for murder, it was to be interpreted as intentional murder. That changed with Smith v. Bailey and now in the situation presented by Smith v. Bailey in this case, the general verdict, as I previously mentioned, is to be interpreted as a finding of felony murder. So for retroactivity purposes, I submit to the court that the Smith v. Bailey rules are new rules. And the second question presented by the retroactivity analysis. Can you help me connect that with a claim of what's that got to do with actual innocence? The actual innocence analysis comes later. It has to do with whether the defendant had to argue causal prejudice when he filed his motion of relief to file a successive post-conviction petition. His petition, his motion was denied by the trial court because he did not meet the requirements of causal prejudice when he filed his motion for relief to file a second successive post-conviction petition. However, if you argue actual innocence in your petition, and I'm saying as a matter of law there was actual innocence here, you do not need to establish causal prejudice. The actual innocence itself gives you a way to get to the merits of the claim. Well, actual innocence is I didn't do it, right? Not legally I can't be convicted of it. Actual innocence means I didn't do it, doesn't it? No, that would be my short answer to that is no. That would be what the state is arguing in this case. In this case, that it has to be no crime at all. That's when you have actual innocence. That's what the state is arguing. But if this court looks at the Exton decision, which provides a roadmap that can be followed for granting defendant relief in this case, you don't have to show that you didn't do it. You just have to show that as a matter of law, it is not a crime. So when they did do it, it wasn't against the law. Right, it was exactly. There were crimes. There was a burglary and there was a murder. But the way it was charged, it ended up being that there could be no felony murder because of the way it was charged and prosecuted. But felony murder is a crime, right? Yes. And he was convicted of that? that was used to get around that problem. And the theory was that burglary was a lesser included offense of residential burglary. Then the Supreme Court in 1994 issued its decision in Childress and said that burglary is not a lesser included offense of residential burglary. They're mutually exclusive offenses. So felony murder convictions that had rested on their ploy of using burglary instead of residential burglary as the predicate offense couldn't no longer stand. And that's what happened in Exeton. The second district appellate court ruled that because defendants had been charged with residential burglary, which could not be a predicate felony for felony murder under Childress, that he could not be found guilty of felony murder. Now he committed a murder. That was a crime there. And he committed residential burglary. That's also a crime. But as a matter of law, the Exeton court found that he could not be found guilty of felony murder based on the change of the law that was announced by the Supreme Court in Childress. We have a similar situation here where a defendant committed a murder and there was an armed robbery in this case. But based on the Smith decision and the Bailey decision, as a matter of law, his intentional murder conviction must now be interpreted as a felony. Which means that the underlying predicate offense must be vacated in this case. That is our argument. And so that would, as a result of that, his consecutive sentence should be vacated. So in answer to your question, Your Honor, the Exeton refutes the state's argument that you have to, for actual innocence to exist, there has to have been no crime at all. Because crimes, offenses can occur as an Exeton in this case. But the question is whether, as a matter of law, they were offenses. In an Exeton, as a matter of law, there was no felony murder based on the Childress decision. And what I'm submitting to the court is that in this case, as a matter of law, based on Smith and Bailey, there was only a felony murder in this case, which means that the predicate felony should be vacated. So that actually covers most of my argument in this case. So the retroactivity in this case is very similar to the situation at Exeton. And this court can find that there's retroactivity because what's happened in this case is that the Smith and Bailey decisions have narrowed the scope of defendants who are convicted. And who can be found guilty of intentional murder in the situation presented by this case. And because, as a result of the decisions in Bailey and in Smith, certain sentences cannot be imposed. And these are, in this case it would be a life sentence and a consecutive sentence. And these are factors that go into determining whether a judicial decision, Smith and Bailey in this case, would apply retroactively. And again, Exeton helps in that analysis. And also this court may look at the Miller decision, this court's decision in Ray NG, where retroactivity has been applied because defendants have been removed from being convicted for certain offenses like Aguilar. And there's a retroactive, they can apply retroactively to have their convictions vacated for Aguilar convictions under Ray NG. And under Miller and Montgomery, which made Miller retroactive, juveniles can move to have their life sentences without parole reduced to a lesser sentence. So, if the court has any questions on the retroactive application of Smith and Bailey, I'm willing to try and answer those. Can I ask a more general question, not on the retroactivity? Yes. So, in Smith and Bailey, what the Supreme Court said was that if the defendant had asked for separate verdict forms, and the trial court denied that request, that as a default, and I think default is maybe the correct word for that, he is found guilty of felony murder, which is the non-intentional murder. And now you're saying that you can attack the felony murder independently, even though it was a default finding? No, Your Honor. Thank you for the question, so that I can clarify that. First, I would say that the Supreme Court's decision that the verdict must be interpreted as a felony murder in the Smith and Bailey situation is not really the default, but as a matter of law, that's what it needs to be. But the end result is the same, which is what semantics, when the Smith and Bailey situation arises, the verdict, the general verdict must be interpreted as a felony murder, because otherwise an unconstitutional presumption arises as to what the jury meant through its general verdict. And they opted for the felony murder because it was not intentional? Okay, but you're attacking it in your first argument is retroactivity. You're attacking it in your second argument on one basis, and then in your third argument you're attacking it because you're saying it was an uncharged crime. Yes, I'm saying that the predicate felony in this case needs to be the one that was charged. Because in this case there was non-robbery of a purse that was charged. But in the closing argument, the state came in with a new theory saying that, or a different theory I should say, that the predicate felony should be the armed robbery of the tavern, not the purse. And I'm arguing you can't do that because, first of all, it wasn't charged anywhere in the indictment. The armed robbery of the tavern was charged nowhere in the indictment. And because there was no request made to the jury to find beyond a reasonable doubt that there was an armed robbery of the tavern. Without that finding by the jury, you're creating a predicate felony that was never proved beyond a reasonable doubt, which I submit is unconstitutional. Does that clarify?   The Edgerton decision is helpful because in that case, the murder in that case occurred, or the conviction in that case was in 1990. The Childress decision, which changed the landscape on the law, in that case the Supreme Court decision on Childress was in 1994. And then Edgerton did not file his successive post-conviction PC until 2007. But the Second District Appellate Court granted relief because it found that his claim was a natural innocence claim as a matter of law, that he could consider in 2007, although his conviction was from 1990. So I'm relying on that reasoning in this case, although clearly there's been a long time span between the murder in this case and the motion for relief to file a second successive post-conviction petition. But as Edgerton shows, it is appropriate to do it in the right situations. The Court has no further questions. Thank you, Your Honor. Thank you, Your Honor. Mr. Kennedy. May it please the Court, counsel? Well, the issue, the general issue before the Court is the propriety of the trial judge's denial of defendant's motion for leave to file a successive petition. So that's kind of like the general overall issue. Underneath that, what the defendant is trying to take and do here, if I can hope I'm clarifying, what he's actually trying to do is he's trying to take and have this Court vacate his consecutive 30-year sentence for armed robbery, claiming that because the indictment in charge of the felony murder cited armed robbery but didn't specifically identify which of the two armed robberies it was referring to, defendant is arguing that under count seven of the indictment, which charged the armed robbery of Lowman, count six was the felony murder. The other five counts were the various different ways of charging first degree murder. So arguing that because we all know that if you're convicted of felony murder, the felony, underlying felony that supports that is an included offense and you can't be sentenced for that. So the defendant is trying to jettison the 30-year consecutive sentence. In attempting to do that, in order to make that argument, he's relying on Smith and Bailey. And what he does is he's using, first he uses Smith and Bailey as the key to the door to open up the Post-Conviction Hearing Act, claiming that as a matter of law, which to me is the equivalent of trying to take and say actual innocence, he's trying to take and say I don't have to allege in my motion to file a successive petition causing prejudice. I just open the door and walk in. Then once he walks in that door, he makes the argument that Smith and Bailey are retroactively applicable. And he cites a number of Supreme Court cases. But the cases that he cites with respect to residential burglary, the reason why those cases, regardless of their rationale and how they think about their decision, the problem with those cases are they all change the elements of the crime. They made something that had been a crime and not a crime. That's a substantive change. What we have in Smith and Bailey are procedural changes. Basically, what happened in Smith was similar to here. Defendant was on trial for various ways of murder, one of which was felony murder and attempt armed robbery and unarmed robbery. And what happened was the defendant in that case asked for specific instructions with respect to murder, had the jury return a specific verdict. Trial judge denied. Defendant was convicted of murder and then was sentenced to the murder, attempt murder, the attempt armed robbery and the armed robbery and got a consecutive sentence on the attempt. What the defendant argued for the Supreme Court was, look, there are potential sentencing consequences relevant to which form of murder the jury is going to find. Since we don't know, basically, I didn't prejudice. The Supreme Court accepted that. And what they did is in making their finding, they interpreted or used the one good count rule. And this court cited that in the original appeal in this case. The one good count is basically if you got one good count in a multi-count indictment, that is sufficient. The defendant is found guilty of all of those counts when the general verdict is returned. However, where there are potential consequences, sentencing consequences that are beneficial to the defendant, when they ask for it and it's denied, that's error. And so they came up with a remedy. The remedy was, well, if we're going to take and do that, we can't take and say that it was intentional. We can't take and say it was strong probability, knowledge, knowing death and grave bodily harm. We're going to find felony murder. And so that's kind of the genesis of the argument here. Because in this case, in Quickel, defense counsel in Quickel did ask for separate verdict forms. And it was denied because at that time the law was you didn't have to give them. You didn't have to give specific instructions. You could just give a general verdict form. And then the one good count will be returned the verdict. The one good count will kick in. And it was presumed the defendant was found guilty of the most serious offense that was charged. Well, when you have this error, what basically the court did is the court took that away and basically imposed the felony murder, which is still serious. But it's not as serious as intentional. And then, of course, now you have the dominoes falling with respect to sentencing consequences. Because as the defendant is arguing here, if indeed felony murder and the underlying felony, he got the consecutive sentence. If indeed that was the underlying felony for the felony murder, then the 30-year consecutive sentence would have to go. So that's kind of the general idea here of what's going on with respect to the defendant's argument. Now, from my position, the procedural arguments with respect to whether or not Smith and Bailey actually opened the door to post-conviction and the retroactivity, what I want to take and do is I kind of want to go to the end of my argument first. Because basically, to put it this way, Smith and Bailey don't open the PC door. They still have to take and argue, still have to allege cause and prejudice. This is not actual innocence, and this is not anything that's a matter of law. This is a procedural problem that happened and has a procedural remedy to it. Smith and Bailey are not retroactive. They are procedural changes. I'll get into that a little more in depth, because what I really want to take and point out here is even if you open the door to post-conviction, and even if Smith and Bailey are found retroactive, which like I said, I don't believe they are, in this case, defendant's argument still fails. It still fails because there are two armed robberies. Indeed, the armed robbery of the establishment was not specifically cited in the indictment in count six. Count seven charged the armed robbery of Lowman. But what it talks about, and the case that came about was an Illinois Supreme Court case of People v. Cary. And in Cary, Cary once again dealt with the multi-count indictment. And in Cary, they said in paragraph 25, and Cary is 18, Illinois. The number is 121371 in paragraph 25. All counts in a multi-count indictment are read as a whole, and elements missing from one count may be supplied by another count. So in this case, because we didn't necessarily mention the armed robbery under this theory, then theoretically the armed robbery of Lowman would be sufficient to support the felony murder in this multi-count indictment. While one count stays a pretty good offense for another count with specificity, the latter count should not be held void unless. So in other words, in this case, because based on the defendant's argument, count seven supplies the element of count six. That should not be held void unless the information itself or the prosecutor affirmatively indicates that some other offense is the predicate offense. What we have here is counts referred to closing argument. Now, I would take and say that if that was the only thing we had, chances are likely this court would take a fine that to be insufficient. Because that's not going to give defendant pre-trial notice of what's going on. You can't just take and make an argument and close the argument and expect that to take the covenant. But what we have here is, you can look at the entire record. On September the 19th of 1994, defendant entered a partially negotiated guilty plea. And what did he plead guilty to? Felony murder and armed robbery. Armed robbery was of Lowman. The trial judge asked, while sentencing, at that time state's attorney, Eric Blount, made the statement and argued with defendant present and with counsel at that time, made the argument that, hey, look, you can give him a consecutive sentence. He is eligible for a consecutive sentence on the armed robbery for Lowman because the felony murder is based on the armed robbery of the establishment. And if you look at the factual basis, the factual basis gave input, facts to that, that indicated that basically the two assailants robbed the cash register and then they also took Lowman's purse. So it has always been the state's theory that the felony murder was based on the armed robbery of the establishment, not of Lowman. That has always been the case. And not only did it come up at the guilty plea, but it was also in the prosecutor's opening statement. It was also made as an argument during and during the stretching conference and, again, at closing argument. So this has been the state's theory all along. So irrespective of the procedural problems that plague the defendant's argument, even if we get five Os, substantively, defendant still loses because we have two separate armed robberies of which the consecutive sentence for Lowman can be maintained. However, getting back to the procedural issues, which I do wish to address briefly, the Smith decision and Bailey, they don't, while I might take the same, Bailey, that you treat this as an acquittal, this is not actual innocence. And I think, as Your Honor pointed out when you said default, I think that's what they were kind of doing. They were defaulting. They're not saying that the defendant here didn't commit these crimes, not saying that these crimes didn't occur. What they're saying is because of this error, we have to provide a remedy. And what that remedy is going to be, it's going to be we're going to take and give the conviction that's going to take and provide the defendant with the potential option that he would have had had the jury been given the specific instructions, the specific verdict forms to take and try to take and make a determination. So I don't think that this is in any way, shape, or form an acquittal in the sense of a not guilty. Certainly it's not anything in the sense of a claim of actual innocence. So I think that the defendant, in order to get, because this is brought up on collateral review, this issue, I think the defendant has to take it under Section 122.1.F. He has to take an alleged cause in prejudice in order to open the door to be able to file his PC to begin with. In a, oftentimes in a criminal trial, somebody's charged with both a one offense and maybe an offense that would be included, a lesser included, would be considered lesser included. Then if the jury finds guilt on both of those, it's just that the defendant can't be sentenced on both, right? That would be correct. So he's not innocent of the lesser included offense. It's under the law. He or she can't be sentenced on that. That's correct. So there are no, legally, no conviction on that because of... Conviction is not entered. That, we've run into that a number of times, and what has always happened is there are times when you have a greater offense and an included offense. Judgment's not entered. Well, sometimes there have been cases where on the offense of which it's convicted, there's been a problem or an error, and what they do is they vacate the conviction on that, send it back for entry on judgment on the included offense, and a sentence on that. So words are, the English language are kind of mumble-jumbled a bit, but basically you have a conviction. You just don't enter a judgment on that conviction, but that conviction just doesn't disappear. You're finding guilt, legally, I guess. Yes. To be convicted, there's got to be a sentence, right? But we see these cases all the time where they've said fine, I'm guilty on both. You can't sentence them on the lesser included. Vacate the, there's a problem there. Okay, that's vacated. However, we send it back for re-sentencing on the lesser included. On the lesser included. And so then judgment's entered, and the sentence is imposed, and if there are any issues with that, then it gets brought up on appeal, and then the rest goes on. Does your Honor have a question? You answered it. Thank you. Two minutes, please. Thank you. With respect to the retroactivity, Smith and Bailey are procedural issues. Basically, they don't make, they don't make what the defendant did not a crime. It's just that simple. That's the substantive. If it was substantive with the cases that counsel cited, retroactivity, I wouldn't be standing here making an argument. But because of the fact that these are procedural rules, and procedural rules do not apply retroactively, unless they place something outside the state's authority to make something criminal, or there's something that's required in the concept of order of liberty. And the best example I can think of would be, for example, Gideon v. Wainwright. It's a procedural thing. You have a right to counsel. If you don't advise somebody, that kind of impinges on the conviction, on whether or not the conviction was really proper, whether or not it was, how it was obtained. This has nothing to, these rulings have nothing to do with that at all. And so, in this case, neither Smith nor Bailey are retroactive. And, in fact, there was a case, People v. Reed, 2014. It is a First District case. It's the 122-610 at paragraph 34. They find both Smith and Bailey to be procedural and, therefore, non-retroactive. They are only prospectively applicable to cases on collateral review. And so, in this case, number one, defendant didn't allege cause of prejudice, so he doesn't take the satisfied to get his motion to relieve the file. Smith and Bailey do not apply retroactively. They're only prospectively. But even if, again, he gets through the door and is applied retroactively, he still loses because we have two armed robberies, clearly set forth, clearly set out, always the state's theory, and because of that, we don't have the problem where we have an included offense of a felony murder for him being sentenced to that. So, for those reasons, the people would respectfully request that this Court affirm the trial judge's denial of the motion to relieve. Are there any questions? I'll be happy to try to. I have two questions. Yes. With regard to, you keep saying it was the state's theory, it was the state's theory that there were two burglaries. Armed robberies. Armed robberies, excuse me. That's okay. Does theory count or do you have to plead something? The armed robbery itself was pleaded, albeit not specified. And I think what Kerry indicates is the specification. Because what we're talking about is we're talking about questioning the sufficiency of the indictment to state an offense to allow the defendant to prepare a defense. And even though the indictment alleged an armed robbery didn't specify, the fact that what the Kerry court said is you can fill that with one of two ways, in a multi-count indictment with another count, or if the prosecutor specifically states. And in this case, the record is clear to the prosecutor that the state's attorney specifically stated this early on, way prior to trial in this case, to allow a defendant to prepare a defense. And so in this case, I think that specifying it and articulating it, stating it, and putting the defendant on notice is sufficient under Kerry. Would the state's burden be different or have been different if the defendant had challenged the indictment? If the defendant challenged the indictment early on, that is correct. Because under Peugeot, Gilmore, and that entire line of cases, what you would have to do is if an attack on an indictment is made pre-trial, in fact, I think it's even if it's made during trial, you have specific pleading requirements under 111-3, I think it is, that have to be satisfied. But when they're made post-trial and after trial, then the entire analysis is different. It's not whether or not the indictment is specifically alleged, but it's whether or not the indictment alleged enough facts that the defendant was able to prepare a defense and not to be embarrassed. And in this case, under these facts and circumstances that we have, and the fact that, in effect, even though he's not calling it that, in a way, the defendant is attacking the sufficiency of the indictment for the first time, arguing that it doesn't allege a specific armed robbery. And from there, he launches into the fact of them trying to take and just go to that one count because of the multi-count. Because of the case law that deals with multi-count indictments and the one good count rule, that's where all of this then travels down that road. And then my second question was about retroactivity. Smith and Bailey take away the right or the ability of the trial court to sentence Quickel, in this case, or Smith and Bailey, for certain offenses that he's been charged with. Does that move it into the substantive area? No. And the reason why I say that is because I understand where you're coming from, Your Honor. But I say no simply because they can't sentence them on what most people would consider a more serious form of murder. Intentional murder would be more serious than felony because we all know that the underlying felony is what has been used to substitute for an intent in that account for murder. So what you have is you still have them committing murder. Smith and Bailey don't state or make what the defendant did anything other than that. It's just the specific form of that act or murder and how they're then going to be able to be sentenced. It's all procedural. I don't think it moves it into the substantive nature at all. Thank you, Your Honor. Thank you, Mr. Regan. Mr. Geiger. As an initial matter, if I recall correctly, the State's argument about the defendant being put on notice due to the guilty plea is not an argument that was included in the briefs. So I would submit that argument has been forfeited. To your question, Justice McDade, about whether the predicate felony needs to be pleaded, it needs to be pleaded somewhere in the charges. Maybe not as a whole offense, but the various elements need to be in the charges somewhere so that the court is satisfied that the jury was able to find those elements beyond a reasonable doubt. Here, the robbery of the tavern was not pled. There's nothing to show that the jury was able to make a finding beyond a reasonable doubt that the tavern was robbed. And that is the problem, that you cannot have a predicate felony that was not proved beyond a reasonable doubt. Wait a minute. So now you're arguing sufficiency of the evidence? I'm arguing that if the court is to choose between the charged predicate felony, which was proved beyond a reasonable doubt, and an uncharged predicate felony where the jury was not asked to make a finding beyond a reasonable doubt as to any of the elements, then as a matter of law, that is not and cannot be a predicate felony. That would offend due process. To have a predicate felony that was not proved beyond a reasonable doubt. And that is the argument in the case. So, I'm still trying to wrap my brain around this. Yes. Exactly which one of these crimes is your client actually innocent of? He's actually innocent of intentional murder. Which one? Under Bailey. Under Bailey and Smith, he's been acquitted of those crimes. Bailey specifically addresses that question. Bailey found that when there is a Smith error in how the jury instructions were handled, the general verdict acts as an acquittal of the intentional murder and as an acquittal of knowing murder. And the verdict is to be interpreted as a felony murder. And that is why it's a substantive retroactive application in this case. Because it's not just procedural. A defendant is innocent due to the acquittals that occur as a matter of law. Were those cases on direct review or collateral review? Smith and Bailey? Yes. Smith and Bailey, direct review. So, you don't have to go to actual innocence on direct review, right? No. But it's not a question if you're asking if that was a question that was addressed by the Supreme Court in Smith and Bailey. No. But if the court says that a Smith and Bailey violation is to be interpreted as an acquittal of intentional murder, that's actual innocence of intentional murder. An acquittal is not actual innocence. Actual innocence is I didn't do it, not that they didn't prove I did it. An acquittal can occur in – actual innocence can occur in different ways. And one of them is that what was considered to be a crime is no longer a crime, and that is the situation in – Okay, so when did the Supreme Court say armed robbery is not a crime? Well, I'm not saying that armed robbery is not a crime. I'm saying that the defendant here – the violation in this case is retroactive. The Smith-Bailey is retroactive because the result of Smith and Bailey is to make certain offenses not offenses at all, as in Etchton, as in Aguilar. And then there's the sentencing component that makes it retroactive. Well, didn't they say that you can't use residential – at that time, you can't use residential murder as a predicate felony for a felony murder? Wasn't that what that was about? Yes. And they never said you can't use armed robbery as a predicate offense for felony murder. Right, but I'm not relying on the predicate felony being the – being faulty, as in Etchton. I'm relying on the general principle that Etchton found that what had been considered to be a viable offense due to a Supreme Court decision no longer became a viable offense. And we have the same situation here, where before Smith and Bailey, you could have intentional and knowing murder based on the general verdict. But after Smith and Bailey, not only do you not have intentional or knowing murder as possible offenses – they can no longer be offenses – but under Bailey, intentional and knowing murder, what happens is you have an acquittal as a matter of law of those offenses. That means that those offenses have been removed from the equation as a matter of law, just as the – an offense was removed from the equation in Etchton as a matter of law. What do you do? The State cites to Reed. This Court is not bound by that analysis. And as I explained in my reply brief, even if it's considered the – the finding in Reed that this was a procedural decision in Smith and Bailey is wrong because we have acquittals, the – as a matter of law, the Supreme Court decided that intentional and knowing murder can no longer be offenses in the Smith and Bailey situation. And also because there's a limitation on the sentences that can be imposed in the Smith and Bailey situation. In this case, being that my client cannot be sentenced to life for the murder, and there can be no consecutive sentence once the predicate felony is vacated, as the lesser included. When the – Smith and Bailey were decided there was capital punishment, they removed capital punishment from the equation as well. Now, that's not a concern any longer, but the point is that Smith and Bailey removed sentences – certain sentences from the equation the same way that Miller removed certain sentences from the equation. And Miller, as we know, applies retroactively. I – finally, for remedy, I ask this Court to remand the case to the Circuit Court. But if this Court finds that as a matter of law, my client's claim is retroactive, and that it does state a viable claim of actual innocence, and that the predicate offense in charge, an unproven predicate offense in this case, needs to be vacated, I believe that is a decision that this Court can make on its own without a need for remand. If the Court has no further questions. I have one question. Is there – I just missed it. It says that if you make a claim of actual innocence, you don't have to prove cause and effect. Yes, Your Honor. So actually it says that, and there are Supreme Court cases saying that. And I cite both of those in my previous hearing. If the Court has no further questions. Thank you, Your Honor.  Thank you, Mr. Bishop. Thank you both for your argument today. The versions of this matter are under advisement of the plaintiffs' group. I have written this petition to the District Court. And now it's time to recess and prepare. Ladies and gentlemen, this Court stands in recess as stated.